**UNITED STATES of America,**

v.

**Tony Edward COLEMAN, Defendant.**

**No. Crim. 97–39–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

July 2, 1998.

Steven Randall Ramseyer, Abingdon, VA, for Plaintiff.

Elna Gay Leonard, Abingdon, VA, for Defendant.

## OPINION AND ORDER

JONES, District Judge.

The issue in this criminal case is whether the defendant is entitled to a new trial on the ground that it was later learned that a key government witness had a ten-year-old perjury conviction, unknown to the government or the defense. I will deny the defendant's motion.

### I. Facts.

On February 26, 1998, Tony Edward Coleman was convicted by a jury in this court on a charge of conspiring to distribute controlled substances.

During the trial, government witness Barry English, who was incarcerated with Coleman at Keen Mountain Correctional Center ("Keen Mountain")[1] at the time of the alleged criminal activity, testified against Coleman. English stated that Coleman and another inmate threatened to do him bodily harm if he did not assist them in smuggling drugs into the prison. English testified that fearing for his safety, he agreed to the scheme, and consequently compelled his girlfriend, Karen Edwards, to secret drugs on her person and to deliver them to him during visitations. English explained that he would receive the drugs from Edwards and then deliver them to Coleman.

The prosecution also showed that a scrap of paper with Edwards' address was found in Coleman's cell. Karen Edwards testified, admitting her delivery of the drugs to En-

1. Keen Mountain is a state prison located in Buchanan County, Virginia.

glish. She related that she had received the drugs by mail. Finally, Coleman's cousin testified that she had mailed articles to Edwards' address at the request of Coleman's girlfriend.

During the trial, defense counsel attacked English's credibility by presenting evidence of his criminal record. Defense counsel questioned English about a 1995 conviction involving a similar conspiracy in which English also enlisted Edwards to smuggle drugs into prison. Defense counsel also impeached English by using his grand jury testimony concerning the specific facts of the conspiracy involving Coleman. Unknown to either the government or the defense at the time of trial, English had been convicted of the felony of perjury in 1987. Subsequent to trial, Coleman learned of the conviction and on May 18, 1998, Coleman moved for a new trial on the basis of newly discovered evidence.[2] At the time of oral argument on the motion, the government conceded that the perjury conviction was information subject to the principles of *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, the government's counsel represented that he did not have knowledge of the conviction and explained that he had exercised the normal procedure of relying on National Crime Information Center ("NCIC") and National Law Enforcement Telecommunications Service ("NLETS") reports, neither of which revealed the perjury conviction.

While conceding that the government did not have actual knowledge of the conviction at the time of trial, Coleman argues that the government had "constructive knowledge" of the conviction because the perjury conviction was reflected in English's records at Keen Mountain.

The parties have briefed the issues and the motion is now ripe for decision.

## II. Analysis.

### A. Brady Material.

The substance of Coleman's claim is an assertion that nondisclosure of English's per-

jury conviction violated his constitutional rights under *Brady.*

■ In *Brady,* the Supreme Court established that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87, 83 S.Ct. 1194. It is clear that evidence which may be used to substantially impeach the credibility of a key government witness must be disclosed under *Brady.* *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Here, the government properly concedes that English's perjury conviction is *Brady* material.

■ However, while *Brady* compels disclosure of evidence favorable to an accused, including impeachment evidence, it only requires "the government supply a defendant with exculpatory [and impeaching] information of which it is aware." *United States v. Flores,* 540 F.2d 432, 437 (9th Cir.1976). *See also United States v. Cravero,* 545 F.2d 406, 420 (5th Cir.1976) (holding that *Brady* requires disclosure of evidence "known to the government but unknown to [the accused]"). It is axiomatic that to suppress evidence, the government must have knowledge of its existence. As Justice White observed in his concurrence in *Giles v. Maryland,* 386 U.S. 66, 96, 87 S.Ct. 793, 17 L.Ed.2d 737 (emphasis added), "any allegation of suppression boils down to an assessment of what the State *knows* at trial in comparison to the knowledge held by the defense."

Here, Coleman admits that at the time of trial the prosecution did not have actual knowledge of the conviction. Moreover, the government explained that it used NCIC and NLETS computer searches to produce all known convictions of English and that those conviction reports were disclosed to the defense prior to trial. Coleman argues that despite the government's efforts, his due pro-

---

**2.** The motion also requested acquittal, but such a motion must be made within seven days after the jury is discharged. Fed.R.Crim.P. 29(c). A motion for a new trial on the ground of newly

discovered evidence may be made before or within two years after final judgment. Fed.R.Crim.P. 33. Here the motion was made before final judgment.

cess rights were nonetheless violated because the perjury conviction was contained in his state prison file. Coleman contends that the state prison officials' knowledge must be imputed to any government officer, including the prosecution, thereby providing the prosecution with constructive knowledge of the conviction. I find this argument unpersuasive.

■ A prosecutor is not deemed to have constructive knowledge of material of which he would be logically unaware. *United States v. Quinn*, 445 F.2d 940, 944 (2d Cir. 1971) (holding prosecutor not deemed to have constructive knowledge of the contents of a sealed indictment against a government witness in another district). Nor is a prosecutor understood to have constructive knowledge of every fact or piece of information known to any other part of the federal or state government. *Id.* The Second Circuit disposed of just such a contention in *Quinn*, holding that:

> [A]ppellants take the completely untenable position that 'knowledge of any part of the government is equivalent to knowledge on the part of this prosecutor' and that 'he (the New York prosecutor) must be deemed to have had constructive knowledge of this evidence.' The Department of Justice alone has thousands of employees in the fifty States of the Union. Add to these many more thousands of employees of 'any part of the government.' Appellants' argument can be disposed of on a 'reduction ad absurdum' basis.

*Id.* (citation omitted). Similarly, *Brady* does not require that the government disclose information "not within its custody or control." *Flores*, 540 F.2d at 438.

■ Accordingly, I conclude that for *Brady* purposes, the state prison authorities' knowledge of English's perjury conviction does not constitute "knowledge" of that fact by the prosecutor in this case.[3]

### B. Harmless Error.

■ Assuming, arguendo, that the government's failure to find and then disclose English's perjury conviction constitutes a *Brady* violation, I nevertheless find that a new trial would be unwarranted because the error was harmless.

The rules of evidence provide that "[e]vidence of a conviction ... is not admissible if a period of more than then years has elapsed since the date of the conviction or of the release of the witness from confinement imposed for that conviction whichever is the later date...." Fed.R.Evid. 609(b). English was convicted of perjury on March 13, 1987, was sentenced to ninety days confinement, and remanded to jail on the same day of his conviction. Consequently, it is evident that English's conviction and release occurred more than ten years prior to his February 25, 1998, testimony, and therefore under Rule 609(b), his conviction for perjury was presumptively inadmissible.

■ Assuming, however, that the interests of justice would have nevertheless warranted admission of the perjury conviction, a new trial would still be unwarranted because I find that the conviction was not "material." Under *Brady*, to require a new trial, suppressed evidence must not only be favorable to the defendant, but must also be "material." *Bagley*, 473 U.S. at 682, 105 S.Ct. 3375. Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.*

English's credibility was substantially challenged by defense counsel's questioning during cross examination concerning English's involvement with a conspiracy virtually identical in nature to the one in which Coleman was involved. Moreover, the jury was made aware of English's status as a convicted felon by both the prosecution and the defense. In

---

**3.** Coleman also contends that since the NCIC and NLETS searches did not reflect the state conviction for which English is currently imprisoned, the prosecutor should have realized that they were incomplete in other ways. However, any patent deficiency in the records was just as apparent to Coleman. More importantly, Coleman does not suggest how the prosecutor should have been thus led to obtain English's prison file.

addition, on direct examination by the government, the following exchange took place:

Q. All right. Let me ask you a little bit about your criminal record, Mr. English. Is it fair to say you have a pretty bad criminal record?

A. Yes, sir.

Q. And you've got convictions for drug offenses; is that right?

A. I have misdemeanor drug offenses until this thing right here.

Q. And you had convictions for larceny?

A. Yes, sir.

Q. Obtaining money by false pretenses?

A. Uh-huh.

Q. Is that right?

A. Yes, sir.

Q. Burglary; is that correct?

A. Yes, sir.

Q. Forgery?

A. Yes, sir.

Q. Sodomy?

A. Yes, sir.

(Vol. I Partial Tr. at 1–10.)

While perjury could have been properly added to this litany of crimes, there can be little doubt that English's convictions for larceny, forgery, sodomy, and obtaining money by false pretenses provided more than ample reason for the fact finder to carefully weigh the veracity of his testimony. I find that the extent to which his credibility would have been further reduced by disclosure of the perjury conviction, if any, would have been de minimis. Like perjury, several of the convictions admitted to by English deal directly with his honesty. Accordingly, I find that a reasonable probability does not exist that if the perjury conviction had been introduced a different outcome would have resulted.

### C. Impeaching Evidence.

■ Aside from any constitutional issue, and alternatively, I also find no basis for awarding a new trial on the grounds of newly discovered evidence. The Fourth Circuit applies a five-part test to determine whether newly discovered evidence warrants a new trial:

(a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir.1987). Here, English's perjury conviction is merely "impeaching" evidence and therefore a new trial on the basis of newly discovered evidence is unwarranted.

### III. Conclusion.

For the reasons set forth above, it is **ORDERED** that the defendant's motion (Doc. No. 19) is denied.